UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELIZABETH SNOW, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 10-174-B-W |
| | ) |
| U.S. POSTAL SERVICE, | ) |
| | ) |
|     Defendant | ) |

**ORDER RE: OBJECTION TO NOTICE
OF REMOVAL**

    Elizabeth Snow sued the United States Post Office in state small claims court claiming damages to her personal property in the amount of $821 and change.  The Assistant United States Attorney has removed the case to this court pursuant to 28 U.S.C.§ 1346(a)(2).  Snow objects to the removal.  Whether the action was removed pursuant to § 1346 (a)(2) or (b)(1), i.e. whether the action is viewed as a breach of contract claim for a claim of less than $10,000.00 or as a tort claim arising from a negligent act by an employee of the United States acting within the scope of his or her employment, this court has jurisdiction over the claim and, indeed, in the case of a tort claim this court has exclusive jurisdiction over the case.  If viewed as a contract claim this court's jurisdiction is concurrent with that of the United States Court of Federal Claims, not the Dover-Foxcroft small claims court.  The objection to the "motion" for removal, which was actually a notice of removal, is denied.[1]

---

[1]     This is styled as an objection to removal but it is in effect a motion for remand.  There is some debate about a magistrate judge's authority to enter orders on motions to remand.  The foolproof approach appears to be that I should offer the Court a recommendation on the motion.  See, e.g., Vogel v. U. S. Office Prods. Co., 258 F.3d 509, 517 (6th Cir. 2001) (agreeing "with the Third and Tenth Circuits that remand motions are dispositive and, as such, can only be entered by district courts"); Stefanik v. City of Holyoke, 597 F.Supp.2d 184, 185-86 (D. Mass. 2009); see also Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13 (1st Cir. 1992) (identifying the issue but seeing no need "to enter the fray at th[e] time").  However, several District Court Judges in the First Circuit have concluded that a motion to remand is nondispositive.  See Stefanik, 597 F. Supp. 2d at 185 (collecting cases); see e.g., Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island  942 F.Supp. 740, 745 (D.R.I.

<u>CERTIFICATE</u>

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

May 26, 2010                                               /s/ Margaret J. Kravchuk
                                                                        U.S. Magistrate Judge

---

1996) ( "[T]his Court joins the majority and concludes that a motion to remand is nondispositive and can be determined by a magistrate judge by final order.").

    In this particular case, given the nature of the underlying claim and the procedural irregularity of Snow's "objection," I do not believe a recommended decision is called for, but in the event of an appeal of my order, which is clearly nondispositive and does not dismiss the case, the District Judge is certainly free to subject the order to de novo review.