UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELIZABETH SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00174-JAW |
| | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

Concluding that the United States Postal Service (USPS) is immune from tort liability for damaged mail and that the Plaintiff failed to exhaust administrative remedies for any other asserted causes of action, the Court dismisses this action against the USPS. .

I.     **STATEMENT OF FACTS**

A.     **Procedural History**

On March 8, 2010, Elizabeth Snow filed a small claim against the USPS in Maine District Court in Dover-Foxcroft. *State Ct. R.* (Docket # 7) at Attach. 5, *Statement of Claim*. On May 5, 2010, the USPS removed the case to United States District Court for the District of Maine. *Notice of Removal* (Docket # 1). On September 14, 2010, the USPS filed a motion to dismiss or for summary judgment. *Mot. to Dismiss or for Summ. J.* (Docket # 11) (*Def.'s Mot*). Ms. Snow failed to respond within 21 days pursuant to Local Rule 7(b) and still has not responded. D. ME. LOC. R. 7(b).

**B.     The Dispute**

The Court is obligated to recount the facts in the light most favorable to the non-movant, Ms. Snow. *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 17 (1st Cir. 2002).    Nevertheless, because each paragraph of the USPS's statement of material facts is supported in the record, and because Ms. Snow failed to controvert those facts, they are deemed admitted.  D. ME. LOC. R. 56(f); *Def.'s Statement of Material Facts* (Docket # 12) (DSMF).

On January 23, 2009, Ms. Snow filed an administrative claim with the USPS for damage to a bronze candlestick sent through the mail.  DSMF ¶ 1.  She claimed $150 in repair costs.  *Id.*  On March 8, 2010, Ms. Snow filed a small claim against the USPS in Dover-Foxcroft District Court for damage to the same bronze candlestick, demanding $150 in repair costs, $71.32 for shipping, and $500 in depreciation.  *Id.* ¶¶ 2–3.  In a March 17, 2010 conversation with a USPS claims specialist, Ms. Snow agreed to accept $300 in full satisfaction of her claim regarding the bronze candlestick.  *Id.* ¶ 4.  On March 22, 2010, the USPS issued Ms. Snow a check for $300.  *Id.* ¶ 5.  Ms. Snow cashed the check on March 31, 2010.  *Id.* ¶ 6.  After Ms. Snow agreed to accept the check in satisfaction of her claim, she did not file an administrative appeal with either the Consumer Advocate or the Domestic Claims Appeal.  *Id.* ¶ 8.

## II.     DISCUSSION

**A.     The USPS Motion**

The USPS argues that Ms. Snow's claim must be dismissed because the USPS is immune from any of her tort claims. Citing the Federal Tort Claims Act (FTCA), it says that "the United States retains sovereign immunity for losses that may be remedied through Postal Service registration and insurance." *Def.'s Mot.* at 3 (citing 28 U.S.C. § 2680(b); *Dolan v. United States Postal Serv.*, 546 U.S. 481, 490 (2006)). It contends that this includes all matters covered by the USPS Mailing Standards in Section 609 of the Domestic Mail Manual (DMM), because "Congress specifically authorized the administrative handling of such matters." *Id.* It maintains that courts routinely dismiss tort claims against the USPS for lack of subject matter jurisdiction because such claims are precluded by the administrative remedies. *Id.* (citing *McBride v. United States Postal Serv.*, 2007 WL 1965337 (E.D.N.Y. June 29, 2007)).

The USPS similarly argues that, "to the extent [Ms.] Snow asserts a contract claim, the claim should be dismissed." *Id.* at 4. It asserts that the DMM also provides the exclusive remedy for contract claims against the USPS and Ms. Snow "failed to fully exhaust that remedy." *Id.* It observes that after Ms. Snow accepted $300 from the USPS, she "failed to further appeal the matter pursuant to the DMM." *Id.* at 4–5.

The USPS then argues that Ms. Snow has not adequately stated any claim other than in tort or contract. *Id.* at 5. It asserts that the United States may not be sued except by consent and that such consent cannot be implied but must be

unequivocally expressed. *Id.* at 6. The USPS contends that Ms. Snow has failed to specify any source of consent to suit in this case. *Id.* at 5.

Finally, the USPS argues that "to the extent the Court reaches the underlying merits, the Court should grant summary judgment to the [USPS] because [Ms.] Snow's acceptance of the $300 check constitutes an accord and satisfaction that fully resolves her claim." *Id.* at 6.

## B.    Analysis

The standard for dealing with the USPS's motion is unclear because Ms. Snow's claim does not assert any specific cause of action. She has not articulated a basis for the Court's jurisdiction, the grounds for the relief she requests, or how she has established a prima facie case of any cause of action. Nevertheless, the Court is obligated to "construe liberally a *pro se* complaint" and attempt to "intuit the correct cause of action, even if it is imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). To the extent Ms. Snow's claim sounds in tort or contract, the USPS insists it should be dismissed for lack of subject-matter jurisdiction.[1] *Id.* at 2–5. To the extent Ms. Snow asserts "some other claim", the USPS argues it should be dismissed on several grounds: lack of subject-matter jurisdiction, sovereign immunity, and the failure to state a claim for which relief may be granted. *Id* at 5.

---

[1] The USPS's sovereign immunity arguments amount to a motion to dismiss for lack of subject-matter jurisdiction. *See Rakes v. United States*, 442 F. 3d 7 (1st Cir. 2006) (affirming district court's dismissal for lack of subject matter jurisdiction due to expiration of FTCA's statute of limitations); *Unger v. Palestinian Liberation Organization*, No. 03-1544, 2003 WL 21254790, at *1 (1st Cir. May 27, 2003) ("The appellants had ample opportunity to file a properly supported motion under Fed. R. Civ. P. 12(b)(1) seeking dismissal on sovereign immunity grounds"); *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001) ("The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1). . . . Some challenges—those grounded in considerations of ripeness, mootness, sovereign immunity, and the existence of federal question jurisdiction are good examples").

In any event, the USPS argues that it is entitled to summary judgment. *Id*. at 6. The Court first treats this as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), because if the Court in fact lacks jurisdiction, it need go no further. FED. R. CIV. P. 12(b)(1).

### 1. Legal Standard

Rule 12(b)(1) states that a party may assert the defense of lack of subject-matter jurisdiction by motion. In ruling on such a motion, the Court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996). In addition, "the court may consider whatever evidence has been submitted." *Id*. Unlike in a 12(b)(6) motion, "The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 [summary judgment] motion." *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

### 2. Tort Claim

The USPS is correct that it retains sovereign immunity from this claim if the claim sounds in tort. In *Dolan*, the United States Supreme Court clarified the standard of sovereign immunity in tort cases against the USPS. 546 U.S. at 485. It began by noting that the USPS "enjoys federal sovereign immunity absent a waiver" but that "the Postal Reorganization Act generally waives the immunity of the [USPS] from suit by giving it the power to 'sue and be sued in its official name.'" *Id*.

at 484 (quoting § 401(1) of the Postal Reorganization Act (PRA), 39 U.S.C. § 101 *et seq.*) (internal quotations omitted)). However, the Supreme Court observed that the PRA provides that the FTCA "shall apply to tort claims arising out of activities of the postal service." *Id.* (quoting 39 U.S.C. § 409).

> Section 1346(b)(1) of the FTCA generally waives sovereign immunity for
>
> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, section 2680 exempts thirteen categories of claims from that general waiver. The relevant exemption for our purposes states:

> The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

28 U.S.C. 2680(b).

In *Dolan*, the United States Supreme Court examined the scope of section 2680(b). It held that the provision does not exempt the USPS from liability when a person is injured from tripping over mail negligently placed on the porch of a residence by the USPS. *Dolan*, 546 U.S. at 485–88. The Court reasoned that such slip and fall claims involve neither "loss" nor "miscarriage" of mail and that "negligent transmission" should be read in relation to those two terms. *Id.* at 486–87. Because both "loss" and "miscarriage" involve failure to transmit mail and damage to its contents, the Court concluded "it would be odd if 'negligent transmission' swept far more broadly" to include slip-and-fall claims. *Id.* at 487.

Instead, the Court concluded it was more likely "that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id.* at 489.

Ms. Snow's claim falls squarely within the 2680(b) exemption as construed in *Dolan*. Her claim states merely: "Bill Ekleberry sent me a Priority Mail package on 1/12/09. Items were damaged in shipment." *Statement of Claim*. The United States Supreme Court expressly stated that, through the enactment of § 2689(b), Congress provided for immunity for the USPS for damages because the mail arrived in a damaged condition, precisely the clam Ms. Snow is raising here. *Dolan*, 546 U.S. at 489. This Court, therefore, lacks the subject-matter jurisdiction over Ms. Snow's tort claim against the USPS. *See also Mcbride*, 2007 WL 1965337, at *2; *Djordjevic v. Postmaster Gen., United States Postal Serv.*, 911 F. Supp. 72, 74–75 (E.D.N.Y. 1995); *Allied Coin Inv., Inc. v. United States Postal Service*, 673 F. Supp. 982, 984–96 (D. Minn. 1987).

### 3. Other Causes of Action

It is unclear whether Ms. Snow has alleged a claim for which any relief other than a tort remedy could be granted. Nevertheless, consistent with its duty to construe the pleadings in her favor, the Court considers whether it has subject matter jurisdiction to hear other causes of action that Ms. Snow's complaint may have raised.

The PRA generally waives the USPS's sovereign immunity. 39 U.S.C. §§ 401 (giving the USPS general power to "sue and be sued in its official name"), 409 ("Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service"). Although the USPS does not argue it is entitled to sovereign immunity from all non-tort claims, it contends that the Court lacks subject-matter jurisdiction to hear non-tort claims because Ms. Snow has failed to exhaust administrative remedies. *Def.'s Mot.* at 4. It is undisputed that Ms. Snow could have appealed the USPS's claim decision to the Domestic Claims Appeals, Accounting Service and then to the Consumer Advocate. DSMF ¶ 7; DOMESTIC MAIL MANUAL §§ 609.6.2, 609.6.3 (available at http://www.usps.com/publications/manuals/welcome.htm) (incorporated by reference in 39 C.F.R. § 111.1). The USPS, quoting Second Circuit case law, contends that the exhaustion requirement "is jurisdictional and cannot be waived." *Id.* (quoting *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005))

The Second Circuit's statement in *Celestine* that the exhaustion requirement is jurisdictional and cannot be waived referred to a statutory requirement to exhaust administrative remedies before bringing a tort claim against the United States under the FTCA. *Celestine* 403 F.3d at 82 (citing 28 U.S.C. § 2675(a)). The Court concludes that the same statutory requirement applies to non-tort claims against the USPS pursuant to 39 U.S.C. § 409(b). Section 409(b) states:

> Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue, and limitations of time for

> bringing action in suits in which the United States, its officers, or employees are parties, and *the rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties.*

(emphasis added). Section 409(b) incorporates Title 28's rules of procedure to non-tort actions brought against the USPS unless otherwise provided in the PRA. *See Willis v. United States*, No. 91-4111, 1992 WL 180181, at *3 (6th Cir. Jul. 29, 1992) ("Section 409 demonstrates Congress's intent that the Postal Service should be treated as a government entity rather than a private business when application of the statute of limitations is at issue. We hold that there is no Postal Service exception to the jurisdictional requirement of the FTCA that an administrative claim be timely filed." (internal punctuation and citations omitted)).

Section 2675 of Title 28 requires litigants to exhaust administrative remedies:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675. This is a rule of procedure, and covered by 39 U.S.C. § 409(b). *See Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 18 (1st Cir. 1993) (Characterizing § 2675 as a "procedure that claimants must follow and exhaust").

9

Reading § 409(b) and § 2675 in concert, the Court concludes that the administrative exhaustion requirement outlined in § 2675 is applicable to non-tort claims against the USPS pursuant to 39 U.S.C. § 409(b).

The First Circuit has recognized that "exhaustion of administrative remedies is absolutely required if explicitly mandated by Congress." *Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 77 (1st Cir. 1997). Since Ms. Snow was required to exhaust her administrative remedies before bringing this claim, and since it is undisputed that she failed to do so, the Court lacks subject-matter jurisdiction in this matter, and it must be dismissed. *Swift v. United States*, 614 F.2d 812, 814–15 (1st Cir. 1980) (affirming district court's dismissal for lack of subject matter jurisdiction where plaintiff failed to exhaust her administrative remedies as required by 28 U.S.C. § 2675).

The Court is unaware of any First Circuit jurisprudence explicitly holding that 39 U.S.C. § 409(b) incorporates 28 U.S.C. § 2675. However, even if the First Circuit ruled differently, Ms. Snow's claim for failure to exhaust administrative remedies would still be subject to dismissal. The First Circuit wrote in *Portela-Gonzalez* that, "[a]lthough exhaustion of administrative remedies is absolutely required if explicitly mandated by Congress, courts have more latitude in dealing with exhaustion questions when Congress has remained silent." 109 F.3d at 77. In deciding whether to relax the administrative exhaustion prerequisite where there is no Congressional mandate, the First Circuit directs district courts to consider (1) whether unreasonable or indefinite delay threatens to unduly prejudice the

10

subsequent bringing of a judicial action, (2) whether the situation "is such that a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim," (3) whether substantial doubt exists about whether the agency is empowered to grant meaningful redress," and (4) whether there is "objectively verifiable indicia of administrative taint." *Id.*

The Court is aware of no such problems here. Ms. Snow has raised no *Portela-Gonzalez* concerns before the Court. Instead, the facts suggest that she obtained a positive result from the administrative process. She did not object to the $300 check she received on her claim, she promptly cashed it; there is no suggestion that she attempted to avail herself of the appeal procedures in the DMM; and, she failed to make any argument before the Court explaining any deficiencies with the administrative remedy. In the absence of cognizable complaints about available administrative remedies, there is no reason to relax the requirement that Ms. Snow exhaust them. Her failure to do so requires dismissal.

## III. CONCLUSION

The Court GRANTS the United States Postal Service's Motion to Dismiss and DISMISSES the Motion for Summary Judgment as moot (Docket # 11).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2011